**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Chapter 7** |
| **WJH ELM STREET SOMERVILLE, LLC** | ) | |
| | ) | **Case No.  24-11110-JEB** |
| **Debtor.** | ) | |
| | ) | |

**ORDER APPROVING MOTION BY CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER
AUTHORIZING SALE OF REAL PROPERTY BY PUBLIC AUCTION SALE FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS EXCEPT
FOR MUNICIPAL LIENS**
(*19 Elm Street, Somerville, MA 02143*)

This matter came before the Court on the *Motion by Chapter 7 Trustee for Entry of Order Authorizing the Sale of Real Property by Public Auction Sale Free and Clear of Liens, Claims, Interest and Encumbrances (19 Elm Street, Somerville, Massachusetts)* [docket no. 139] (the "Sale Motion") filed by Harold B. Murphy, Chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"). As set forth in the Sale Motion, the Trustee seeks entry of an order pursuant to 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Fed. R. Bankr. P. 6004, and MLBR 6004-1 authorizing the Trustee to sell by public auction sale (the "Public Sale") the Estate's right, title, and interest in the real property located at 19 Elm Street, Somerville, Massachusetts 02143 (the "Property"), free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the net proceeds of the sale. Due notice of the Sale Motion was given. No objections were filed to the Sale Motion.

This Court held a hearing on the Sale Motion on March 24, 2026. On March 27, 2026, the Trustee filed the *Motion for Entry of Order Approving: (I) Supplement to Motion by Chapter*

*7 Trustee for Entry of Order Authorizing the Sale of Real Property by Public Auction Sale Free and Clear of Liens, Claims, Interest and Encumbrances (19 Elm Street, Somerville Massachusetts; and (II) Amended Notice of Sale* [docket no. 150] (the "Supplemental Sale Motion"). The Supplemental Sale Motion requested approval of a Supplement that set forth amended terms and conditions ("Amended Terms") of the Public Sale. The Court approved the Supplement by order dated March 31, 2026.

Having considered the Sale Motion, the Supplemental Sale Motion, the arguments of counsel at the hearing, and the record of the Proceedings, good cause being shown,

**IT IS FOUND THAT:**

A.      The Public Sale is in the best interests of the Estate and its creditors.

B.      With respect to all persons or entities asserting liens, claims, encumbrances, and interests (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code) (each, an "Encumbrance"), on the Property, (i) applicable non-bankruptcy law permits sale of such Property free and clear of such Encumbrance; (ii) such person or entity has consented to the sale, free and clear of its Encumbrance, with such Encumbrance to attach to the proceeds of such sale; (iii) such Encumbrance is a lien and the price at which such Property is to be sold is greater than the aggregate value of all liens on such Property; (iv) such Encumbrance is in bona fide dispute; or (v) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Encumbrance; so that the conditions of Section 363(f) of the Bankruptcy Code have been satisfied.

C.      As evidenced by the certificates of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion and the hearing has been provided in accordance with the Bankruptcy Code and Bankruptcy Rules. Such notice was good and

2

sufficient, and appropriate under the circumstances. No other or further notice of the Sale

Motion, the hearing or the entry of this Order shall be required.

D.     A reasonable opportunity to object or be heard with respect to the Sale Motion

and the relief requested therein has been afforded to all interested parties and entities.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     The Sale Motion, as supplemented by the Supplemental Sale Motion, is granted as

provided in this Order.

2.     The Trustee is authorized to sell the Property by the Public Sale on the Amended

Terms and close on the sale of the Property to the highest bidder without further order. Should

the highest bidder fail to close, the Trustee may sell to the second highest bidder at the Public

Sale without further order of the Court.

3.     The sale of the Property shall be free and clear of all existing liens, claims,

encumbrances, and interests, <u>except for</u> municipal liens, with such liens (other than municipal

liens), claims, encumbrances, and interests to attach to the net proceeds of the sale of the

Property to the same extent, validity, priority, and enforceability as existed prior to the Public

Sale.

4.     The sale of the Property is "as is, where is," without representation or warranty

except as expressly provided in the Amended Terms.

5.     The Trustee is authorized to pay all ordinary, necessary closing costs and

expenses in connection with the sale of the Property. The Trustee shall hold the balance of the

proceeds of the sale pending further order of this Court.

6.      The Trustee is authorized, pursuant to the Bankruptcy Code, to execute any and all deeds, conveyances, assignments, agreements, easements, instruments, amendments, schedules, and other documents necessary to effectuate the sale of the Property.

7.      Within fifteen days after the Public Sale, the Trustee shall file a Status Report regarding the Public Sale, including the amount of the winning bid, the net proceeds, and the amount of commission proposed to be paid to the auctioneer.

8.      This Order is binding upon all entities, including, without limitation, all filing agents, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental units and departments, secretaries of state, federal, state, territorial and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. This Order constitutes conclusive evidence of the release of all encumbrances against the Property as of the closing, except for municipal liens, which are the responsibility of the purchaser. This Order shall be accepted for recordation on or after the Closing date as conclusive evidence of the free and clear, unencumbered transfer of title to the Property to the purchaser.

9.      After the public auction, if requested by the successful bidder, the Trustee may seek a further order of the Court finding that the successful bidder is entitled to the protections under Section 363(m) of the Bankruptcy Code.

10.     The automatic stay of this Order pursuant to Bankruptcy Rule 6004(h) is waived

for good cause shown. This Order is effective immediately.

_____
Janet E. Bostwick
United States Bankruptcy Judge

Dated: April 7, 2026